

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID APPLESTEIN; RANDY SCHINDLER; MICHAEL SOLOMON; MARC WERNER, Dr.; MARK SLOTKIN, <br><br> Plaintiffs, <br><br> and <br><br> CATOOSA FUND LP, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MEDIVATION, INC.; DAVID T. HUNG; C. PATRICK MACHADO; LYNN SEELY; ROHAN PALEKAR; GREGORY BAILEY, <br><br> Defendants - Appellees. | No. 12-15960 <br><br> D.C. No. 3:10-cv-00998-EMC <br><br> MEMORANDUM[*] |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.  Circuit Rule 36-2(e) states that the panel should publish an opinion for any case where "there is a published opinion by a lower court . . . unless the panel determines that publication is unnecessary for clarifying the panel's disposition of the case."  The district court published a thorough opinion, and the panel concludes that it is unnecessary to publish a full opinion in this matter.

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted January 17, 2014
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and GETTLEMAN, Senior District Judge.[**]

Catoosa Fund LP appeals the district court's dismissal of its class action securities fraud complaint for failure to plead falsity and scienter adequately. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is reviewed de novo. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). In addition to the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a party asserting a claim for securities fraud under Section 10(b) of the Securities Exchange Act and Rule 10b-5[1] must meet the particularity requirements of Fed. R. Civ. P. 9(b), and the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").[2]

---

[**] The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

[1] 17 CFR § 240.10b–5 (2010).

[2] 15 U.S.C. §§ 78u–4 *et seq*.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The PSLRA requires plaintiffs to "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading" to allege the element of falsity adequately and "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind" to allege the element of scienter. 15 U.S.C. § 78u–4(b)(1), (2). A complaint alleging securities fraud will survive "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 324 (2007). Because plaintiff has failed to meet these standards, the Third Amended Complaint ("TAC") was properly dismissed by the district court.

Regarding falsity, plaintiff claims that the Phase II study of the drug in question, Dimebon, was unmatched and unblinded, contrary to defendants' public statements, and that defendants' subsequent statements and publications describing the trial and touting its success were therefore false as well. To support these allegations, the TAC relies on statements of three confidential witnesses ("CWs") and other factual information. The other factual information principally includes the statements of an expert, Dr. Lon S. Schneider, who concluded that the Phase II

3

study was not a double-blind, placebo-controlled trial. Dr. Schneider's opinion is insufficient to establish falsity adequately because he has no personal knowledge of the facts on which he bases his conclusion. Dr. Schneider also relies on an unattributed statement of an un-named colleague who allegedly heard defendants admit that the pills used in the Phase II study were unmatched, and draws a negative inference from the absence of a description of the pills in a clinical trial paper. Such uncredited and speculative conclusions do not "provide an adequate basis for believing that the defendants' statements were false." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009) (internal quotation marks and citations omitted).

Plaintiff also relies on the statements of the three CWs. When a complaint for securities fraud relies heavily on CWs, those statements may be relied on only "where the confidential witnesses are described with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged," and the complaint "provide[s] an adequate basis for determining that the witnesses in question have personal knowledge of the events they report." *Id.* (internal quotation marks and citations omitted). As the district court found, the complaint fails to allege with requisite particularity the job

titles and responsibilities of the CWs and facts supporting an inference that they had personal knowledge of the relevant information.

To establish scienter, plaintiff claims that defendants either affirmatively decided to conduct an unblinded Phase II trial, knew that the study was unblinded, or with deliberate recklessness disregarded the fact that the study was unblinded. Although the TAC repeats the allegations from the CWs that the study was unblinded, there is no allegation that any CW relayed this information to any defendant.

None of plaintiff's allegations "giv[e] rise to a strong inference that the defendant[s] acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2)(A). With the exception of the tenuous and unattributed statement that Dr. Schneider relates secondhand, plaintiff has not pled any facts supporting an inference of actual knowledge by defendants. Plaintiff relies heavily on the inference that, due to their positions, the defendants must have known about the unmatched nature of the study. That inference is entirely speculative and does not rise to the required strong inference; plaintiff's allegation is not "at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs,* 551 U.S. at 324.

Because plaintiff has failed to allege with particularity facts that support an inference of falsity and scienter, the complaint was properly dismissed.

**AFFIRMED**.